IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

----

K.C. MULTIMEDIA, INC.,                )
                                       )   2:07-CV-1356-GEB-GGH
                   Plaintiff,          )
                                       )
        v.                             )   ORDER[*]
                                       )
BANK OF AMERICA TECHNOLOGY AND         )
OPERATIONS, INC.; BANK OF AMERICA      )
CORPORATION; and BANK OF AMERICA       )
NATIONAL ASSOCIATION,                  )
                                       )
                   Defendants.         )
_____)

    Defendant Bank of America Technology and Operations, Inc. ("Defendant") moves to dismiss Plaintiff's copyright infringement claim against it, arguing that the statute of limitations has run since Defendant ceased to exist as a corporate entity more than three years before the claim was filed, which is the applicable statute of limitations period. See 17 U.S.C. § 507(b).

    At issue is when Plaintiff's copyright infringement claim accrued under § 507(b). A copyright claim does not "accrue" under §

----

[*] This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

507(b) until "the moment when the copyright holder 'has knowledge of a violation or is chargeable with such knowledge.'" Polar Bear Prods., Inc. v. Timex Corp., 384 F.3d 700, 706 (9th Cir. 2004) (quoting Roley v. New World Pictures, Ltd., 19 F.3d 479, 481 (9th Cir. 1994). To prevail on its motion to dismiss, Defendant must show that the statute of limitations defense appears on the face of the Complaint. See Martin v. Am. Honda Motor Co., Inc., 2007 WL 1660738, at *2 (S.D. Cal. June 7, 2007) (denying motion to dismiss since "the Court cannot conclude from the face of the Complaint that this action is barred by the statute of limitations").

The date that Plaintiff had knowledge of the alleged copyright violation or can be charged with such knowledge cannot be determined from the face of the complaint. Plaintiff alleges in the Complaint that it "learned that defendants had infringed its copyrights during the discovery phase of trade secret misappropriation litigation [in Plaintiff] vs. Bank America and Allen Tam, Santa Clara County Superior Court Action No. 1-01-cv798875." ("the Santa Clara action") (Id. ¶ 14.) Plaintiff also alleges that, as a result of the Santa Clara action, Plaintiff "confirmed in late 2005 that defendants possessed its copyrighted material." (Id. ¶ 17.) Defendant argues that Plaintiff filed the Santa Clara action in 2001, and that since the Santa Clara action "dealt with [Defendant's] alleged use of the same wireless banking software code at issue in the present action[, Plaintiff] therefore knew of any alleged copyright infringement" in 2001. (Mot. at 4:18-24.) This bare argument, however, is insufficient support of the dismissal motion. Since the Complaint does not reveal that Plaintiff's claim accrued more than three years

///

1 before Plaintiff filed this action, Defendant's motion to dismiss
2 Plaintiff's copyright infringement claim against it is denied.
3       IT IS SO ORDERED.
4 Dated: November 19, 2007

                              GARLAND E. BURRELL, JR.
                              United States District Judge